IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN A. CROWE,

      Plaintiff,

v.                                                                                      No. 1:24-cv-00802-JHR[1]-JFR

AMY GEE,
ERIC NEWTON and
ERNESTO PADILLA,

      Defendants.

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

      The matter arises from the actions of Defendants Gee, Newton and Padilla, who are Federal Probation Officers in the District of New Mexico. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. *See* Doc. 1, filed August 12, 2024 ("Complaint"). Plaintiff, who is proceeding *pro se*, alleged Defendants Gee and Newton "illegally seize[d] non-prohibited, legally possessed property from [Plaintiff's] residence." Complaint at 3. Plaintiff alleges Defendant Padilla "was named by Agent Newton as an approving authority for their seizure." Complaint at 3.

      United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Complaint contained some deficiencies and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 5, filed August 14, 2024. Plaintiff filed his Amended Complaint on August 30, 2024. *See* Doc. 6.

---

[1] The undersigned is conducting dispositive proceedings in this matter in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rule of Civil Procedure pursuant to the Parties' consent. *See* Notice of Rule 73 Consent, Doc. 20, filed December 27, 2024 (stating consent received from all Parties).

Plaintiff now seeks default judgment against Defendants Gee, Newton and Padilla for failure to respond by September 19, 2024.  *See* Motion for Default Judgment, Doc. 15, filed November 22, 2024.

Defendants Gee, Newton and Padilla filed a motion for an extension of time to respond stating that the United States Attorney's Office was served on November 4, 2024, thereby making their answer or other responsive pleading due on January 3, 2025.  *See* Emergency Motion for Extension of Time to Respond to Amended Complaint and Request for Expedited Briefing, Doc. 18, filed December 26, 2024.  Judge Robbenhaar granted Defendants' Motion for an extension of time and set a deadline of February 3, 2025, for Defendants to answer.  *See* Doc. 21, filed December 27, 2024.  Defendants filed their Motion to Dismiss on February 3, 2025.  *See* Doc. 27.

Plaintiff appealed Judge Robbenhaar's Order granting an extension time to the United States Court of Appeals for the Tenth Circuit.  *See* Notice of Appeal, Doc. 23, filed January 10, 2025.  The United States Court of Appeals for the Tenth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  *See* Order, filed January 27, 2025, in *Crowe v. Gee*, No. 25-2000 (10th Cir.).

The Court denies Plaintiff's Motion for Default Judgment:

Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir. 1987).

> [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*H.F. Livermore,* 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983).

> We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna Fin. Corp.,* 715 F.2d at 1444-45 (citations omitted); *see also Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970).

*In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (stating "considerable deference is given the trial judge's determination regarding the default judgment since he is the person most familiar with the circumstances of the case and, thus, is in the best position to evaluate the good faith and credibility of the parties at the hearings"). Defendants filed their Motion to Dismiss by the deadline set by Judge Robbenhaar. Defendants have not been unresponsive and have not caused interminable delay in this case.

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, Doc. 15, filed November 22, 2024, is **DENIED.**

_____
**JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**