# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN A. CROWE,

       Plaintiff,

v.                                      No. 1:24-cv-00802-JHR[1]-JFR

AMY GEE,
ERIC NEWTON and
ERNESTO PADILLA,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

The matter arises from the actions of Defendants Gee, Newton and Padilla, who are Federal Probation Officers in the District of New Mexico.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.  *See* Doc. 1, filed August 12, 2024 ("Complaint").  Plaintiff, who is proceeding *pro se*, alleged Defendants Gee and Newton "illegally seize[d] non-prohibited, legally possessed property from [Plaintiff's] residence."  Complaint at 3.  Plaintiff alleged Defendant Padilla "was named by Agent Newton as an approving authority for their seizure."  Complaint at 3.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Complaint contained some deficiencies and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint.  *See* Order to Show Cause, Doc. 5, filed August 14, 2024.  Plaintiff filed his Amended Complaint on August 30, 2024.  *See* Doc. 6.  Plaintiff did not file a separate response showing why the Court should not dismiss this case.

---

[1] The undersigned is conducting dispositive proceedings in this matter in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rule of Civil Procedure pursuant to the Parties' consent.  *See* Notice of Rule 73 Consent, Doc. 20, filed December 27, 2024 (stating consent received from all Parties).

The Amended Complaint, which Plaintiff filed using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," alleges:

> On 6 April 2021 [Defendants] Amy Gee and Eric Newton, while operating as Federal Probation Officers did illegally seize non-prohibited, legally possessed property from my residence . . .
>
> [Defendant] Agent Ernesto Padilla was named by Agent Newton as an approving authority for their seizure.
>
> In addition Amy Gee, Eric Newton, Ernesto Padilla did abuse and exceed their authority by arbitrarily creating a condition of release, without court action, requiring a supervised release person to seek and obtain permission from the Federal Probation and Presentence Office prior to moving legally possessed, non-prohibited personal property from their private residence. A condition that was neither established nor cited by the original sentencing court.

Amended Complaint at 2. Plaintiff asserts two claims: (i) "Illegal seizure;" and (ii) "Abuse of authority." Amended Complaint at 3. Plaintiff asserts the Defendants' "seizure of legally possessed, non-prohibited property, without a court order or previous official change to existing conditions was contrary to 18 U.S.C. § 3601"[2] and 18 U.S.C. §§ 3563,[3] 3583[4] and 3603.[5] Amended Complaint at 3, 9-11.

Defendants move the Court to dismiss the Amended Complaint on the grounds that: (i) the Amended Complaint fails to state claims upon which relief can be granted; (ii) Plaintiff's *Bivens* claims are barred by the statute of limitations; and (iii) Plaintiff's claims are subject to dismissal

---

[2] "A person who has been sentenced to probation . . . or placed on supervised release . . . shall . . . be supervised by a probation officer to the degree warranted by the conditions specified by the sentencing court." 18 U.S.C. § 3601.
[3] 18 U.S.C. § 3563 sets forth mandatory and discretionary conditions of probation.
[4] 18 U.S.C. § 3583(c) sets forth the factors to be considered in including a term of supervised release. 18 U.S.C. §§ 3583(d) sets forth the conditions of supervised release that the court must include in its order imposing a term of supervised release.
[5] 18 U.S.C. §§ 3583 sets forth the duties of probation officers.

2

pursuant to *res judicata*.  *See* Motion to Dismiss in lieu of an Answer and Supporting Memorandum, Doc. 27, filed February 3, 2025 ("Motion to Dismiss").[6]

Plaintiff's Response asserts the following arguments in opposition to the Motion to Dismiss: (i) Judge Robbenhaar should not have granted Defendants an extension of time to answer; (ii) *Bivens* does not apply; (iii) the Amended Complaint states a claim pursuant to 18 U.S.C. §§ 2234, 3563 and 3583; and (iv) *res judicata* does not apply.  *See* Response, Doc. 28, filed February 18, 2025.

**Extension of Time to Answer**

Plaintiff served Defendants Gee, Newton and Padilla on September 18, 2024.  *See* Affidavits of Service, Doc's 10-12, filed September 30, 2024.  Plaintiff served the United States Attorney General by certified mail on October 28, 2024.  *See* Doc. 13, filed November 15, 2024. Plaintiff served the United States Attorney for the District of New Mexico on November 4, 2024. *See* Doc. 14, filed November 15, 2024.

On November 22, 2024, Plaintiff filed a Motion for Default Judgment against Defendants for failure to timely respond after service of process.  *See* Notice of Motion, Doc. 15 ("Motion for Default Judgment").  Plaintiff contends Defendants were required to respond to the summonses by November 17, 2024.  *See* Motion for Default Judgment at 2.

On December 26, 2024, Defendants filed an Emergency Motion for Extension of Time to Respond to Amended Complaint and Request for Expedited Briefing, Doc. 18, and a Response in Opposition to Plaintiff's Motion for Default Judgment, Doc. 19.  The Emergency Motion sought

---

[6] Briefing on the Motion to Dismiss was complete on March 4, 2025.  *See* Doc. 30.  On April 7, 2025, the Court denied Plaintiff's Motion for default judgment.  *See* Order, Doc. 32.  Plaintiff appealed the denial of the Motion for default judgment on April 22, 2025.  *See* Doc. 34.  On May 21, 2025, the United States Court of Appeals for the Tenth Circuit entered its Mandate dismissing the appeal for lack of prosecution.  *See* Doc. 41-1.

an extension of time to respond to the Amended Complaint to and including February 3, 2025.  *See* Emergency Motion at 1.  United States Magistrate Judge John F. Robbenhaar granted the Emergency Motion for an extension of time to respond to the Amended Complaint to February 3, 2025.  *See* Doc. 21, filed December 27, 2024 (text-only docket entry).

Plaintiff contends the Court should not entertain Defendants' Motion to Dismiss because Judge Robbenhaar erred in granting the Emergency Motion for an extension of time and that the Court "should renege its extension for time to answer, deny [Defendants'] motion to dismiss and grant the Plaintiff a deserved default judgement."  Response at 1-2.  The Court disagrees for the following reasons.

First, Defendants timely filed their Emergency Motion for an extension of time.  See Doc. 18 at 1, filed December 26, 2025 (stating written authorization from the Department of Justice is required for counsel to represent Defendants and the required authorization was not granted until December 18, 2024).  Plaintiff is suing Defendants in their individual capacities.  *See* Response at 3 (stating this case "is an *Individual Capacity* suit") (emphasis in original).  "To serve a United States officer or employee sued in an individual capacity . . . a party must serve the United States[7] *and* also serve the officer or employee."  Fed. R. Civ. P. 4(i)(3) (emphasis added).  "A United States officer or employee sued in an individual capacity . . . must serve an answer to a complaint . . . within 60 days after service on the officer or employee *or service on the United States attorney, whichever is later*." Fed. R. Civ. P. 12(a)(3) (emphasis added).  Plaintiff served the United States Attorney General by certified mail on October 28, 2024, and the United States

---

[7] "To serve the United States, a party must . . . deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."). Fed. R. Civ. P. 4(i)(1).

Attorney for the District of New Mexico on November 4, 2024, making Defendants' answers due January 3, 2025. Defendants timely filed their Emergency Motion for an extension of time on December 26, 2024. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires").

Second, although Plaintiff filed a response opposing the Emergency Motion for an extension of time, *see* Doc. 22, filed January 2, 2025, he did not file an objection to Judge Robbenhaar's Order. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in [an order regarding a non-dispositive pretrial matter] not timely objected to;" objections to the order must be filed within 14 days after being served with the order).[8]

Third,

Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir. 1987).

> [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*H.F. Livermore,* 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983).

> We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and

---

[8] Plaintiff also appealed Judge Robbenhaar's Order granting an extension of time on January 10, 2025. *See* Notice of Appeal, Doc. 23. The United States Court of Appeals for the Tenth Circuit dismissed Plaintiff's appeal of Judge Robbenhaar's Order for lack of jurisdiction. *See* Doc. 7, filed January 27, 2025, in *Crowe v. Gee*, No. 25-2000 (10th Cir.).

> their attorneys to a reasonably high standard of diligence in
> observing the courts' rules of procedure. The threat of judgment by
> default serves as an incentive to meet this standard.
>
> *Cessna Fin. Corp.,* 715 F.2d at 1444-45 (citations omitted); *see also Gomes v.*
> *Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970).

*In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).  Defendants were not nonresponsive, and their

failure to timely respond did not cause Plaintiff to be faced with interminable delay. The Court

declines to impose the harsh sanction of default judgment in this case because: (i) Plaintiff has not

shown that Defendants' delay was a result of bad faith and thus appears to seek default judgment

purely as a penalty for their delay in filing; and (ii) strong policies favor resolution of disputes on

their merits.

The Court denies Plaintiff's requests to: (i) renege the extension of time; (ii) deny

Defendants' Motion to Dismiss based on the allegedly improper extension of time; and (iii) grant

Plaintiff's Motion for Default Judgment.

**Bivens**

This is the third case Plaintiff has filed arising from the facts alleged in this case.  *See*

*Crowe v. Gee*, No. 1:21-cv-00503-KWR-KRS (D.N.M.) ("*Crowe I*"); *Crowe v. Gee*, No. 1:23-cv-

145-KWR-SCY (D.N.M.) ("*Crowe II*").  The Court previously concluded *Bivens* did not provide

a remedy for Plaintiff's claims and dismissed *Crowe I* and *Crowe II* with prejudice.

"In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971), the U.S. Supreme "Court recognized for the first time an implied private action for

damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram*

*v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 675

(2009)).  A "*Bivens* claim can be brought only against federal officials in their individual capacities.

*Bivens* claims cannot be asserted directly against the United States, federal officials in their official

capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009);

*Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating that *Bivens* actions are the "federal analog" to

Section 1983 actions).

Defendants contend that the Amended Complaint fails to assert a plausible *Bivens* claim.

*See* Motion at 8. Plaintiff asserts that *Bivens* is not applicable because:

> Counsel[']s citing "Bivens" as a cause for dismissal is in err. Neither of the two
> filed counts claim civil rights violation[s] nor is there any mention of civil rights
> violations in the filed complaint." The only reference to civil rights by me
> (Plaintiff) was that their violations will be used as facts in support of the counts
> against the Defendants.

Response at 9; Amended Complaint at 8 (stating Plaintiff is using evidence of "civil rights

violations, U.S. Code and federal Rule Criminal procedure violation" to support his claims of

illegal seizure and abuse of authority; the violations of civil rights, U.S. Code and Federal Rules

of Criminal Procedure "are not cited as a count in my filing but rather are just reference information

in support of my claim"). The Court does not address the applicability of *Bivens* because Plaintiff

states he is not asserting civil rights claims.

**18 U.S.C. §§ 2234, 3563 and 3583**

Judge Robbenhaar notified Plaintiff that:

> The Complaint fails to state a claim based on Defendants' alleged violation of
> 18 U.S.C. §§ 3563 and 3583 because "criminal statutes do not provide for private
> civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir.
> 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a
> judicially cognizable interest in the prosecution or nonprosecution of another").

Order to Show Cause at 4.

Plaintiff asserts two claims: (i) Illegal seizure; and (ii) Abuse of authority. *See* Amended

Complaint at 3. Plaintiff cites violations of several criminal statutes in support of his claims but

explains he is not asserting claims for violations of those statutes. *See* Amended Complaint at 3,

8 (stating Plaintiff is using evidence of U.S. Code violations to support his claims of illegal seizure

and abuse of authority; the U.S. Code violations "are not cited as a count in my filing but rather are just reference information in support of my claim"). Plaintiff argues that Defendants owed Plaintiff a "'duty of care' to meet all required criteria and to operate with-in all established parameters pertaining to supervised release" and that Defendants breached that duty causing injuries to Plaintiff. Response at 5. Plaintiff quotes some criminal statutes to demonstrate Defendants' obligations under those statutes and concludes those statutes established a duty of care. *See* Response at 6-7.

Plaintiff fails to state claims for "illegal seizure" and "abuse of authority" based on violations of criminal statutes. To establish that a statute authorizes a private cause of action, a plaintiff

> must show that Congress intended such authorization. *Alexander v. Sandoval*, 532 U.S. 275, 286–87, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). Specifically, he must show that the statute "displays an intent to create not just a private right but also a private remedy." *Id.* at 286, 121 S.Ct. 1511. Unless the statute expresses an intent to create both a private right and a private remedy, "a cause of action does not exist and [we] may not create one, no matter how desirable that might be as a policy matter." *Id.* at 286–87, 121 S.Ct. 1511; *see also Cuba Soil & Water Conservation Dist. v. Lewis*, 527 F.3d 1061, 1064 (10th Cir. 2008) ("Absent Congressional intent to create both a right and a remedy in favor of a plaintiff, a cause of action does not exist.").

*Serna v. Denver Police Department*, 58 F.4th 1167, 1171 (10th Cir. 2023). Plaintiff has not shown that the criminal statutes he alleges Defendants violated create a private right and a private remedy.

### *Res Judicata*

Plaintiff asserts that "*res judicata* does not apply to this suit." Response at 3.

"The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist:

(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1239 (10th Cir. 2025).

Final Judgment on the Merits

Plaintiff contends:

There has not been a Court ruling based on the factual merits of the suit. I understand the technicality arguments for previous dismissals but feel that the possessed facts deserve an opportunity to be presented before the Court. Let factual merit be judged.

Response at 3-4. Plaintiff has not cited any legal authority that a final judgment on the merits requires that the Court first make findings of fact.

There has been a final judgment on the merits. The Court dismissed *Crowe I* and *Crowe II* with prejudice. "[A] dismissal with prejudice is a final decision on the merits for claim preclusion." *Reyes v. Larimer County*, 796 Fed.Appx. 497, 499 (10th Cir. 2019) (citing *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1127, 1129 (10th Cir. 1991).

Identity of parties

Plaintiff states "the parties are not identical." Response at 4. Plaintiff apparently refers to the fact that Defendant Padilla was not a party to *Crowe I* and *Crowe II*.

Generally, claim preclusion requires that the named parties in the first and second suits be identical. *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008). Thus, even where a plaintiff has already sued one or more parties liable for a particular loss, the plaintiff ordinarily is entitled to bring another suit against a new defendant, or defendants, based on the same loss. *United States v. Lacey*, 982 F.2d 410, 412 (10th Cir. 1992); *McClelland v. Facteau*, 610 F.2d 693, 695 n.1 (10th Cir. 1979). But an exception to this rule applies when there is "privity" between the defendant(s) bound by the first suit and the new defendant(s) named in the second suit. *See Pelt*, 539 F.3d at 1281; *see also Mars Inc. v. Nippon Conlux Kabushiki–Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995) ("It is well settled ... that claim preclusion may be invoked

by and against those in privity with parties."); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4407, at 153–56 (2d ed. 2002) [hereinafter Wright & Miller] ("A single plaintiff ... has as many causes of action as there are defendants to pursue, ... subject to the constraint that claim preclusion may be invoked by a person in 'privity' with a former defendant...." (footnote omitted)).

. . . .

this court has long held that "[a]t a minimum, privity requires a showing that the parties in the two actions are 'really and substantially in interest the same.'" *Lenox II*, 762 F.3d at 1119 (quoting *Pelt*, 539 F.3d at 1281); *see also, e.g.*, *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1174 (10th Cir. 1979). As the above discussion demonstrates, the viability of Lenox's antitrust claims depends on its ability to treat Defendants and MSD USA as a *single entity*

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1240-41 (10th Cir. 2017);

*Privity*, Black's Law Dictionary (12th ed. 2024) ("The connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or piece of property); mutuality of interest <privity of contract>").

The Court finds that the Parties are identical because Defendant Padilla, as a Probation Officer, is really and substantially in interest the same as Defendants Gee and Newton, who are Probation Officers assigned to supervise Plaintiff.

<u>Same Causes of Action</u>

Plaintiff argues that the cause of action in this case is not the same cause of action asserted in *Crowe I* and *Crowe II* because:

There is no count of civil rights violations in the current filing. There also is no count of violation of U.S. Code or Federal Rule of Criminal Procedure. Of course, I (Plaintiff) will be using the Defendants['] violations of civil rights, U.S. Codes and Federal Rules of Criminal Procedure to prove that illegal seizure did occur and that abuse of authority was perpetrated against the Plaintiff.

Response at 4.

Plaintiff's argument, that *res judicata* does not apply because the cause of action in this case is not the same cause of action asserted in *Crowe I* and *Crowe II*, fails.

10

> The Tenth Circuit defines "cause of action" according to the "transactional approach" articulated in the Restatement (Second) of Judgments, under which "a cause of action includes all claims **or legal theories of recovery** that arise from the same transaction, event, or occurrence." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *see Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329, 1335–36 (10th Cir. 1988). Under our transactional approach, a party cannot avoid preclusion by repackaging precluded claims "under the rubric of slightly different legal theories" where the "new" and precluded claims stem from the same transaction or occurrence. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000); *see Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238–39 (10th Cir. 1992) (collecting cases).

*Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1229-30 (10th Cir. 2025) (emphasis added). Plaintiff's claims in this case arise from the same events that gave rise to Plaintiff's claims in *Crowe I* and *Crowe II*.

Full and Fair Opportunity to Litigate

Plaintiff does not contend that he did not have a full and fair opportunity to litigate his claim in *Crowe II*. *See* Response at 3-4. The Court dismissed *Crowe II* and entered Final Judgment on June 21, 2024. Plaintiff has not appealed the dismissal of *Crowe II*. *See Bell v. Dillard Dept. Stores, Inc.*, 85 F.3d 1451, 1456 (10th Cir. 1996) (stating "A number of courts have followed similar reasoning, holding that the lack of opportunity to appeal an issue establishes that there has not been a full and fair opportunity to litigate it and that, as a result, issue preclusion should not be applied") (citing cases from the 2d, 7th, Fed., and 9th Circuits). The Court finds Plaintiff had a full and fair opportunity to litigate his claims in *Crowe II*.

**Conclusion**

The Court concludes that: (i) Judge Robbenhaar did not err in granting Defendants an extension of time to respond to the Amended Complaint; and (ii) *res judicata* bars Plaintiff from bringing this suit. Consequently, the Court grants Defendants' Motion to Dismiss and dismisses this case with prejudice. The undersigned notifies Plaintiff, as Judge Robbenhaar did, of Plaintiff's

obligation to present claims and legal contentions that are warranted by existing law and that presenting documents that do not comply with Rule 11 of the Federal Rules of Civil Procedure may result in sanctions.  *See* Fed. R. Civ. P. 11; Order to Show Cause at 5-6.

**IT IS ORDERED** that Defendants' Motion to Dismiss in lieu of an Answer and Supporting Memorandum, Doc. 27, filed February 3, 2025, is **GRANTED.**  This case is **DISMISSED with prejudice.**

**JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**